UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | C.A. No. 96-10804-DPW |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:04-CV- |
| | ) | 10650-DPW |
| v. | ) | (Arkansas Hearing Loss) |
| | ) | |
| THE BLACK & DECKER CORPORATION, | ) | 1:04-CV-10671-DPW |
| BLACK & DECKER, INC., BLACK & DECKER | ) | (Mississippi Hand/Arm |
| (U.S.) INC., EMHART CORPORATION, and | ) | Vibration) |
| EMHART, INC., | ) | |
| | ) | 1:04-CV-10672-DPW |
| Defendants. | ) | (Mississippi Hearing |
| | ) | Loss) |

**JOINT STATEMENT REGARDING CHOICE OF LAW
FOR ARKANSAS HEARING LOSS, MISSISSIPPI HEARING
LOSS, AND MISSISSIPPI HAND/ARM VIBRATION
LONG-TERM EXPOSURE CLAIMS**

Pursuant to the Court's request at the October 19 and November 29, 2004 Status Conferences, the parties hereby agree that Maryland law should govern issues regarding whether there was a cost-sharing agreement regarding the Arkansas Hearing Loss, Mississippi Hearing Loss or Mississippi Hand/Arm Vibration Long-Term Exposure ("LTE") claims and, if so, the construction of any such agreement. The Court has ruled regarding the law applicable to the insurance policies applicable to these claims.

The parties also respectfully submit the following statements of the background for their respective recommendations that Maryland law be applied, for the Court's consideration.

I.      **Background of Liberty Mutual's Recommendation of Maryland Law**

Liberty Mutual asserts that under the Massachusetts "most significant relationship test" for a choice of law analysis, Maryland bears the most significant relationship to the cost-sharing agreement whose enforceability is at issue.[1]  In a letter dated August 6, 1991, Black & Decker, which is headquartered in Maryland, wrote to the Liberty Mutual claims office in Hunt Valley, Maryland to inform Liberty Mutual of the filing of the Mississippi Hearing Loss cases involving tools manufactured by Black & Decker, and to request that Liberty Mutual communicate with Black & Decker about coordinating the defense of the cases with Black & Decker's other insurers.   Black & Decker retained Employers Self-Insured Service ("ESIS") to provide claims-handling services to Black & Decker, from the ESIS office located in Maryland.  In November, 1991, ESIS informed Liberty Mutual and the other insurers that ESIS would be coordinating the defense of the Mississippi Hearing Loss Claim on behalf of Black & Decker.  ESIS prepared the initial and revised drafts of the cost-sharing agreement in Maryland in 1992, and issued letters to the insurers concerning their respective shares under the agreement from the ESIS office in Black & Decker's headquarters in Towson, Maryland.  The cost-sharing agreement provided, inter alia, that "[t]his Agreement is not a contract of insurance, and the  Parties agree that it shall not be interpreted according to the

---

[1] As set forth in the Court's May 17, 2002 Draft Memorandum and Order, this Court must look to the choice of law rules of Massachusetts, the forum state, in addressing a choice of law issue. See May 17, 2002 Draft Memorandum and Order at 43.  Massachusetts uses a "'most significant relationship test'" for determining the applicable law.  Id. at 52-53.

rules of construction applicable to insurance contracts." <u>See</u> Cost-Sharing Agreement, §VIII.

The Mississippi Hand/Arm Vibration Claim involved the same plaintiffs' counsel as the Mississippi Hearing Loss Claim, and the two lawsuits were treated as a single mass litigation. For example, the invoices submitted to Liberty Mutual for payment reflected the fact that defense counsel were billing their time and expenses for both suits together, on the same invoices. Liberty Mutual paid its share of defense costs for the Mississippi Hand/Arm Vibration Claim in accordance with the cost-sharing agreement that ESIS was administering for the Mississippi Hearing Loss Claim.

During the period in which the cost-sharing agreement with respect to the Mississippi Hearing Loss claim was being negotiated in Maryland, Black & Decker demanded that Liberty Mutual defend it with respect to the Arkansas Hearing Loss claims involving Farrel Corporation products. Liberty Mutual and other insurers agreed to a cost-sharing arrangement with respect to the Arkansas Hearing Loss claim which, like the earlier agreement in the Mississippi Hearing Loss claim, assigned shares to the insurers based on their years of coverage. The cost-sharing arrangement in the Arkansas Hearing Loss claim also assigned a share to Black & Decker for the years in which coverage was "undocumented." In March, 1993 Aetna, which memorialized the cost-sharing percentages in a 1992 letter, wrote to Black & Decker in Maryland concerning adjustments to the shares. Liberty Mutual also communicated with Black & Decker in Maryland concerning the discovery of

additional years of coverage under Liberty Mutual policies, which eliminated Black & Decker's share for "undocumented" years under the cost-sharing arrangement.

In view of the facts that the cost-sharing agreements for the Mississippi LTE claims arose and were administered in Maryland, and that the Arkansas Hearing Loss Claim cost-sharing arrangement arose out of a demand for coverage made by Black & Decker in Maryland, and involved negotiations with Black & Decker in Maryland concerning the shares assigned under the cost-sharing arrangement, Liberty Mutual respectfully submits that Maryland has the most "significant relationship" to all three LTE claims. Maryland law should therefore govern the issues concerning Liberty Mutual's alleged obligations with respect to those three LTE claims.

## II.    Background of Black & Decker's Recommendation of Maryland Law

The Court has ruled that Maryland law is applicable to the policies that Liberty Mutual issued to Black & Decker, Massachusetts law is applicable to the insurance policies that Liberty Mutual issued to USM and Connecticut law is applicable to the insurance policies that Liberty Mutual issued to Farrel. The law governing whether there was a collateral agreement governing obligations of Liberty Mutual under those insurance policies may be different from the law applicable to the insurance policies.

The parties' agreement that Maryland law applies to issues concerning the existence of the alleged cost-sharing agreements and, if so, the construction of any such agreement is a sufficient basis for the applicability of Maryland law. See

- 4 -

August 25, 2004 Memorandum and Order Regarding Pre-Judgment Interest at 6-7 n.3. Maryland has a logical relationship to these issues. There were communications between Black & Decker, which was headquartered in Maryland, and Liberty Mutual concerning the Arkansas Hearing Loss, Mississippi Hearing Loss and Mississippi Hand/Arm Vibration Claims.

The Liberty Mutual statement concerning the background to the choice of law analysis contains assertions about whether there were any purported cost-sharing agreements. Those assertions, which are not germane to a choice of law analysis, are disputed. As demonstrated by the memorandum concerning these three law claims that Black & Decker filed on April 16, 2004, many of the Liberty Mutual assertions are demonstrably erroneous. There were no such cost sharing agreements.

LIBERTY MUTUAL INSURANCE
COMPANY

        /s/ Ralph T. Lepore, III
Ralph T. Lepore, III (BBO 294420)
Janice Kelley Rowan (BBO 265520)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

THE BLACK & DECKER
CORPORATION, et al.

        /s/ Jack R. Pirozzolo
Jack R. Pirozzolo (BBO 400400)
Richard L. Binder (BBO 043240)
WILLCOX, PIROZZOLO and
McCARTHY, P.C.
50 Federal Street
Boston, MA 02110
(617) 482-5470

Dated: December 3, 2004

# 2440423_v1